### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### PECOS DIVISION

| | |
|---|---|
| Diana Huaracha, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br><br><br><br>   -v.-<br><br>Lake City Credit, LLC<br>and John Does 1-25.<br><br>             Defendant(s). | C.A. No: 4:20-cv-59<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Diana Huaracha (hereinafter, "Plaintiff"), a Texas resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Lake City Credit, LLC (hereinafter "Defendant LCC "), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION

1.     Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Texas consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Texas, County of Pecos, residing at 1203 W 1st Street, Fort Stockton, TX 79735.

8.      Defendant LCC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 10601 Clarence Dr., Ste 250, Frisco, TX 75033-3867 and can be served at LegalInc Corporate Services, Inc. 10601 Clarence Dr. Ste 250, Frisco, TX 75033.

9.      Upon information and belief, Defendant LCC is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.      John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.      Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.      The Class consists of:

   a.   all individuals with addresses in the State of Texas;

   b.   to whom Defendant LCC sent a collection letter attempting to collect a consumer debt;

   c.   that made a deceptive settlement offer due by a certain date without actually giving any dates;

   d.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14.     Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e.

16.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.   **<u>Numerosity:</u>**  The Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 § l692e.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21.     Some time prior to August 16, 2019, an obligation was allegedly incurred by Plaintiff to Aaron's.

22.     The alleged obligation arose out of a transaction involving a debt allegedly incurred by Plaintiff with Aaron's in which the subject of the transaction was primarily for personal, family or household purposes.

23.     The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24.     The owner of the alleged obligation is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25.     The owner of the obligation contracted with the Defendant LCC to collect the alleged debt.

26.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – August 16, 2019 Collection Letter*

27.     On or about August 16, 2019, Defendant sent the Plaintiff a collection letter (the "Letter") seeking to collect an alleged debt.  **See Collection Letter – Attached hereto as Exhibit A.**

28.     The letter states a balance of $1,086.81.

29.     The letter further states: "As agreed to under prior correspondence, this letter is to confirm the following settlement plan for account number *********.

        Our office will accept settlement in the amount of $1,086.52 to be paid in a single installment of $1,086.52 no later than CRISTINA WOODS [*sic*].

        If payment is not received in our office by CRISTINA WOODS, [*sic*] our office reserves the right to revoke this settlement and reinstate the full balance of the account."

30.     Defendant's letter makes an offer of settlement contingent upon dates but then deceptively gives no dates whatsoever and instead says "CRISTINA WOODS," which has no meaning.

31.     Moreover, this is especially deceptive because the letter states that the Defendant reserves the right to revoke the settlement if payment is not received by CRISTINA WOODS, which has no meaning.

32.     In addition, the settlement offer is itself deceptive because the letter states an account balance of $1,086.81 yet the settlement amount is $1,086.52, a mere twenty-nine cent difference.

33.     It is deceptive to refer to a discount of twenty-nine cents as a settlement and Defendant is deceptively trying to induce Plaintiff into thinking she is receiving a settlement offer when she is actually only being offered a twenty-nine-cent discount.

34.     Further confusing the Plaintiff is the bottom of the letter, which contains a payment stub stating that the balance is $0.00, contradicting the balance stated earlier in the letter.

35.     As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

36.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

38.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39.     Defendant violated said section

        a.      by making a false and misleading representation in violation of §1692e(10)

        b.      my making the threat to take any action that cannot legally be taken or that is not intended to be taken in violation of §1692e(5).

40.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

41.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Diana Huaracha, individually and on behalf of all others similarly situated demands judgment from Defendant LCC as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  August 13, 2020                    Respectfully Submitted,

**STEIN SAKS, PLLC**

/s/ Yaakov Saks
Yaakov Saks, Esq.
285 Passaic Street
Hackensack, NJ 07601
Ph: (201) 282-6500
Fax: (201) 282-6501
ysaks@steinsakslegal.com
*Attorneys for Plaintiff*